**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL JOHN BELLINA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-752 |
| | : | |
| SUPERINTENDENT GEORGE PATRICK, | : | |
| et al. | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                         June   26   , 2007

Now before the Court is the pro se Petition of Paul John Bellina ("Petitioner") for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated in the State

Correctional Institution in Hountzdale, Pennsylvania.  For the reasons that follow, the Petition

will be denied.

**I. PROCEDURAL HISTORY**

On March 21, 2001, a jury sitting in the Court of Common Pleas of Montgomery County

convicted Petitioner of voluntary manslaughter for shooting his neighbor following an

altercation.  He was sentenced to a term of six-to-twenty years.  Petitioner appealed to the

Superior Court of Pennsylvania, which affirmed the judgment and sentence on September 30,

2003.  See Commonwealth v. Bellina, No. 1338 EDA 2002 (Pa. Super. Sept. 30, 2003).  The

Pennsylvania Supreme Court denied Petitioner's application for allowance of appeal on March 9,

2004.

On July 27, 2004, Petitioner filed a pro se petition under the Pennsylvania Post

Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, et seq.  The PCRA court dismissed his

petition as "not ripe for review" on August 6, 2004.  Petitioner appealed to the Superior Court,
which vacated the dismissal and remanded the case for a determination whether his waiver of
counsel was knowing, voluntary, and intelligent.  Commonwealth v. Bellina, No. 2466 EDA
2004 (Pa. Super. October 3, 2005).

      The PCRA court allowed Petitioner to proceed pro se and to file an amended PCRA
petition, alleging that the jury had been tampered with because it had been shown an NRA
videotape on self-defense.  Following an evidentiary hearing, the PCRA court denied Petitioner's
amended petition.  He appealed to the Pennsylvania Superior Court on March 8, 2006.  While the
appeal was pending, the PCRA court issued a written opinion explaining that it denied
Petitioner's claims on the merits because the Commonwealth introduced uncontested evidence
that the NRA tape at issue was never offered at trial or shown to the jury.  The videotape had
been purchased only to rebut a possible defense claim that Petitioner had acted in accordance
with NRA self-defense guidelines, but detectives testified that the videotape was never used at
trial because Petitioner did not assert such a defense.  Commonwealth v. Bellina, No. 07106-00,
slip op. at 3-4 (Mont. Co. Ct. Com. Pl. July 11, 2006).

      On April 24, 2006, while Petitioner's appeal was pending with the Superior Court, he
filed a federal habeas petition with the United States District Court for the Western District of
Pennsylvania.  The petition was transferred to this Court on May 11, 2006, and dismissed
without prejudice for failure to exhaust state court remedies.  Bellina v. Patrick, No. 06-2201,
docket no. 11 (E.D. Pa. Oct. 6, 2006).  The Superior Court subsequently affirmed the PCRA
court's decision on January 3, 2007.  See Commonwealth v. Bellina, 919 A.2d 967 (Pa. Super.
Jan. 3, 2007) (table).

Petitioner filed the instant Petition on February 23, 2007.  He asserts the following claims: (1) denial of the right to a fair trial because the jury was shown an NRA video ex parte; (2) a Fourteenth Amendment violation of due process because the jury was shown the NRA videotape; and (3) prosecutorial misconduct when the Commonwealth had ex parte communications with the jury and showed them the NRA videotape.[1]

The Court designated United States Magistrate Judge Timothy R. Rice to submit a Report and Recommendation.[2]  Petitioner has objected to Magistrate Judge Rice's recommendation that the Court deny the Petition with prejudice because it is without merit.  After de novo review of the portions of the Report and Recommendation to which Petitioner objects, the Court will approve and adopt the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).

## II.    LEGAL STANDARD

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., which places substantive limitations on the collateral relief available in federal court.  Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

---

[1]    Petitioner has also asserted that the Pennsylvania state courts "lacked subject matter jurisdiction" once the NRA videotape allegedly was shown to the jury.  Memorandum in Support of Habeas Corpus Under 28 U.S.C. § 2254 at p. HC-2.  Magistrate Judge Rice did not separately discuss this claim in his Report and Recommendation because it relies solely on the assertion that the jury was shown the videotape.  See Report and Recommendation at 3 n.1.  The Court agrees with Magistrate Judge Rice, and therefore, will not separately address this issue.

[2]    See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b).

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  The AEDPA also requires deference to state court factual findings: "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**III. ANALYSIS**

In his Report and Recommendation, Magistrate Judge Rice determined that each of Petitioner's claims is predicated on the erroneous factual allegation that the jury was shown an NRA videotape that was not in evidence.  See Report and Recommendation at 3.  He concluded, therefore, that each claim is deficient because the Pennsylvania state courts have made a factual determination that the jury was not shown the NRA videotape and Petitioner provided no evidence to rebut the presumption that this determination was correct.  Id. at 3-4.

The Court must accept the factual findings of the Pennsylvania state courts regarding the NRA videotape unless Petitioner rebuts them by clear and convincing evidence.  28 U.S.C. § 2254(e).  On appeal in Petitioner's PCRA proceedings, the Pennsylvania Superior Court determined that:

> [Petitioner] put forth no evidence that this video was shown to the jury; his "proof" consisted solely of a document listing the purchase of this video by the Commonwealth as a trial expense and the Commonwealth's "tacit admissions" through non-response to [Petitioner's] self-styled documents.  At an evidentiary hearing on the PCRA petition, the district attorney who prosecuted the case testified that the video was purchased in preparation for trial but was never shown to the jury.

-4-

<u>Commonwealth v. Bellina</u>, No. 735 EDA 2006, at 2 (Pa. Super. Jan. 3, 2007).[3]  The Superior

Court concluded that Petitioner "presented no evidence to support the claims alleged in his

PCRA petition."  <u>Id.</u>  Giving due deference to the Superior Court's factual findings regarding the

videotape, the Court concludes that Petitioner has not demonstrated by clear and convincing

evidence that these findings were erroneous.  Accordingly, Magistrate Judge Rice's Report and

Recommendation will be adopted, and the Petition will be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's claims for habeas relief are without merit.

Accordingly, his Petition will be denied and dismissed.  Because Petitioner has not made the

requisite showing of the denial of a constitutional right, a certificate of appealability should not

issue.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

---

[3]      The Superior Court also noted that Petitioner's "procedural theories of tacit admissions and negative averments and the like are without basis in law in the realm of PCRA." <u>Commonwealth v. Bellina</u>, No. 735 EDA 2006, at 2.  Magistrate Judge Rice found that this conclusion was supported by the Pennsylvania Rules of Criminal Procedure which do not permit discovery during PCRA proceedings without leave of court.  <u>See</u> Report and Recommendation at 4 n.2 (citing Pa. R. Crim. P. 902(E)).  This Court agrees.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL JOHN BELLINA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-752** |
| | : | |
| **SUPERINTENDENT GEORGE PATRICK,** | : | |
| <u>et al.</u> | : | |

## <u>ORDER</u>

**AND NOW**, this     26th        day of June, 2007, upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (docket no. 9) and Petitioner's Objections thereto (docket no. 11), and after <u>de novo</u> review of the pleadings and record in this case, it is **ORDERED** that:

1.       The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.       The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3.       Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

**BY THE COURT:**

  S/ BRUCE W. KAUFFMAN
**BRUCE W. KAUFFMAN,  J.**